**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STUDER PROFESSIONAL AUDIO GMBH, | : : : : | **OPINION** |
| Plaintiff, | : : | Civ. No. 2:12-cv-02278 (WHW) |
| v. | : : | |
| CALREC AUDIO LTD.; D&M HOLDINGS, INC.; and D&M HOLDING U.S. INC., | : : : | |
| Defendants. | : : | |

**Walls, Senior District Judge**

This matter comes before the Court upon motion by Defendants Calrec Audio, Ltd. ("Calrec") and D&M Holdings U.S. Inc. ("D&M") (collectively, "Defendants") to stay the matter pending reexamination of United States Patent Nos. 7,682,004 and 7,784,968 (together, the "patents-in-suit"), both entitled "Slide Controller for an Audio Mixer." Plaintiff Studer Professional Audio GmbH ("Studer") opposes the Motion to Stay. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. The Court grants the Motion to Stay pending the reexamination of the patents-in-suit by the United States Patent and Trademark Office ("PTO").

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Studer filed its Complaint in this action on October 20, 2011, alleging that Defendants are "importing, making, using, selling, and/or offering for sale audio mixing consoles" that violate 35 U.S.C. § 271 by directly infringing on the patents-in-suit. Compl. 4.

**NOT FOR PUBLICATION**

The same day as filing the Complaint, Studer offered to discuss an early resolution of the case with Defendants. Opp'n to Defs.' Mot. to Stay 5.

For approximately three months, the parties engaged in negotiations in hopes of resolving the dispute. Opp'n 5-6. Ultimately, Studer decided that the parties would not resolve the dispute and on February 6, 2012, attempted to formally serve the Defendants. Id. at 6. In response, Defendants asked for an additional extension of two-weeks for Defendants to respond to the Complaint, and Studer agreed. Id.

On February 7, 2012, Defendants requested an ex parte reexamination of all of the patents-in-suit with the PTO, claiming the patents were not valid "due to prior art patents and printed publication not considered by the Examiner." Defs.' Mot. to Stay 1. On April 3, 2012, the PTO found that substantial new questions existed with respect to the '004 Patent. Stay 1. On April 15, 2012, the PTO found that substantial new questions existed with respect to the '968 Patent. Id.

The Eastern District of Virginia granted Defendants' Motion to Transfer this case to this District on April 13, 2012. Id. at 2. The only activity in this lawsuit has been the initial pleadings filed by the parties and the briefing on the Motion to Transfer. Id. A scheduling order has not been entered, discovery has not yet begun, and the trial date has yet to be set. Id.

On June 8, 2012, the PTO issued a First Office Action that rejected all claims of both patents-in-suit. Studer has the option of replying and requesting either "reconsideration or further examination, with or without amendment." 37 C.F.R. § 1.111 (2012).

## STANDARD OF REVIEW

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of

2

**NOT FOR PUBLICATION**

time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936).  The decision to stay a patent case in which a reexamination by the Patent Office has been requested is within the sound discretion of the district court. Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed.Cir.1988) (noting that "[c]ourts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.") (internal citations omitted).

In deciding whether to stay a matter pending reexamination, courts have developed a three-part test.  A court should consider "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Wyeth v. Abbott Laboratories, No. 09-CV-4850, 2011 WL 380902 *2 (D.N.J. Feb. 1, 2011) (citing Xerox Corp. v. 3Com Corp., 69 F. Supp 2d 404, 406 (W.D.N.Y.1999).  Courts weigh the costs and benefits associated with granting a stay pending reexamination of a patent.

## DISCUSSION

Each of the three factors weighs in favor of granting a stay.

### I. Undue Prejudice or Tactical Advantage

Granting a stay will not unduly prejudice Plaintiff Studer.  "[T]he delay inherent to the reexamination process does not constitute, by itself, undue prejudice." CCP Sys. AG v. Samsung Electronics Corp., No. 09-CV-4354, 2010 WL 5080570, at *3 (D.N.J. Dec. 7, 2010) (internal citations omitted).   Studer asserts that it will be subject to undue prejudice if a stay is granted because Studer and Defendant Calrec are direct competitors. Opp'n 2.  Studer asserts "Defendants' sales of the accused devices are eroding Studer's market share, its goodwill, and prices for its consoles." Id. at 12.

**NOT FOR PUBLICATION**

Defendants maintain that Studer will suffer no undue prejudice by the stay. Defendants claim that Studer "offers nothing more than conclusory testimony from Andrew Hills to support the notion that it has lost sales to Defendants or that any such sales were lost due to use of the allegedly-infringing feature in the accused products." Reply Br. in Supp. of Defs.' Mot. to Stay 5. Additionally, Defendants maintain that Plaintiff's "contention that it would suffer irreparable harm if a stay was granted" is undercut by the Plaintiff's failing to serve the Defendants in a timely manner and not seeking a preliminary injunction. Reply 5. The Defendants also stress that the Plaintiff's "evidence shows that money damages would be adequate to address any alleged harm suffered by Plaintiff." Id. at 6.

Studer correctly asserts that it and the Defendants are competitors. Additional, the Court appreciates Studer's concern that during a stay, Defendants may continue selling the allegedly infringing devices and "eroding [Studer's] market share, its goodwill, and prices for consoles." Opp'n 12. Despite these concerns, Studer decided not to seek a preliminary injunction in this matter. If a stay is granted, the Plaintiff will still have all of their "legal and equitable remedies available when the stay is lifted." See MonoSol Rx, LLC v. BioDelivery Sciences Int'l, Inc., No. 10-CV-5695, 2012 WL 762501 at *10 (D.N.J. Mar. 7, 2012) (noting that Plaintiff will still have all legal remedies available, as long as the PTO does not invalidate or otherwise alter the patents-in-suit)(internal citations omitted). It follows that granting a stay will not unduly prejudice Studer.

Granting a stay will not place Studer at a tactical disadvantage. The Court may deny a stay when "the reexamination filing was done as a tactic to delay the proceedings." Brass Smith, LLC v. RPI Indus., Inc., No. 09-CV-06344, 2010 WL 4444717, at *3 (D.N.J. Nov. 1, 2010) (internal citations omitted). Studer asserts that the Defendants conduct during the settlement

**NOT FOR PUBLICATION**

discussions "strongly suggests that the filing of the reexamination is part of a dilatory strategy intended to unreasonably delay this litigation." Opp'n 18. This Court does not find this argument persuasive. Studer decided to delay serving the Defendants for nearly four months while discussing "an early resolution of the case." Id. at 5. Studer, as the plaintiff, had the obligation of serving Defendants. Studer has provided no evidence that the Defendants' conduct prevented them from serving Defendants. This Court has found no support for Studers' claim that Defendants are seeking a stay for dilatory reasons or to unreasonably delay this litigation. This Court finds that the advantages of granting a stay while the PTO is reexamining the patents-in-suit outweighs the delay associated with granting the stay and will not place Studer at a tactical disadvantage.

### II. Simplification of Issues and Trial

A stay of this action pending reexamination has the potential to simplify the issues in this case, as in virtually every similar case. Granting a stay "pending the outcome of patent reexamination proceedings . . . may simplify the issues for trial." Automated Merch. Sys., Inc. v. Crane Co., 357 F. App'x 297, 303 (Fed. Cir. 2009). Studer suggests that staying this action "could complicate, rather than simplify issues, as it will create another file history that could add more arguments or complexity to issues of claim construction." Opp'n 23. The Defendants claim that the patents-in-suit are not valid "due to prior art patents and printed publications not considered by the Examiner." Stay 1. After the Defendants filed a request for ex parte reexamination, the PTO found that substantial new questions of patentability existed with respect to all claims of the patents-in-suit and ordered reexamination of the patents on April 3, 2012, and April 5, 2012. On June 8, 2012, the PTO issued a First Office Action that rejected all claims of both patents-in-suit. Staying the claim while the PTO reconsiders, further examines, or converts

5

**NOT FOR PUBLICATION**

the First Office Action into a Final Action may render a trial unnecessary if the patents are rejected. Consequently, the Court finds that this factor weighs in favor of staying this case.

### III. Effect of the Stay on the Trial Schedule and Discovery

This case is in its early stages. "One of the most critical factors in determining whether to stay litigation pending the outcome of a reexamination proceeding is the stage of the litigation. Courts stress the importance of the stay being sought early in the litigation." <u>Everett Labs., Inc. v. River's Edge Pharms. LLC</u>, No. 09-CV-3458, 2009 WL 4508584, at *4 (D.N.J. Nov.24, 2009) (internal citations omitted). Only a motion to transfer has been filed, general discovery has not yet begun, nor has a discovery schedule been entered or a trial date set. As the case is still in a relatively early stage, the burden of the patent litigation will be reduced by a stay pending the PTO reexamination.

### CONCLUSION

For the foregoing reasons, this Court grants the Defendants Motion to Stay the matter pending PTO reexamination of the patents-in-suit.

/s/ William H. Walls

United States Senior District Judge